Copy mailed by chambers 6-30-23. DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

JUSTIN CARRINO,                              :
                              Petitioner,    :         **ORDER ADOPTING REPORT**
v.                                           :         **AND RECOMMENDATION**
                                             :
STEWART ECKERT, Superintendent,              :         21 CV 5909 (VB)
                              Respondent.    :
--------------------------------------------------------------x

Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation

("R&R"), dated January 31, 2023 (Doc. #15), on Justin Carrino's pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  After a non-jury trial in County Court, Dutchess

County, petitioner was convicted of predatory sexual assault, aggravated sexual abuse in the first

degree, rape in the first degree, and related lesser charges, and was sentenced to an aggregate

term of 22 1/3 years to life imprisonment.  The Appellate Division, Second Department,

affirmed, and petitioner's request for leave to appeal to the Court of Appeals was denied.

Thereafter, petitioner applied for a writ of error coram nobis.  The Appellate Division denied

petitioner's application, and the Court of Appeals denied his request for leave to appeal.

Petitioner subsequently filed a motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law.

§ 440.10, which was denied in its entirety, and the Appellate Division denied leave to appeal.

The parties' familiarity with the factual and procedural background of this case is

presumed.

Judge Davison recommended that the petition be denied in its entirety.  For the following

reasons, the Court agrees with Judge Davison.  Accordingly, the R&R is adopted as the opinion

of the Court and the petition is DENIED.

**DISCUSSION**

I.   <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); <u>see also</u> 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  <u>See</u> Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a <u>de novo</u> standard of review.  28 U.S.C. § 636(b)(1)(C); <u>see also</u> Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  <u>Lewis v. Zon</u>, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).[1]  The clearly erroneous standard also applies when a party makes only conclusory or general objections or only reiterates his original arguments.  <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Objections by <u>pro se</u> parties are generally accorded leniency, <u>Stokes v. Miller</u>, 216 F. Supp. 2d 169, 171 (S.D.N.Y. 2000), and should be construed "to raise the strongest arguments that they suggest."  <u>Dunn v. Sears</u>, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).  "Nonetheless,

---

[1]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

even a <u>pro se</u> party's objections to a report and recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Pinkney v. Progressive Home Health Servs.</u>, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).[2]

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show that, in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. <u>Clark v. Perez</u>, 510 F.3d 382, 391 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a <u>de novo</u> standard of review. 28 U.S.C. § 2254(b)(2); see <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 390 (2010).

II.     <u>Objections</u>

Petitioner filed timely objections to the R&R. (Doc. #18 ("Ptr. Objections")). Petitioner's objections largely reiterate his original arguments. Nevertheless, in consideration of

---

[2]     Petitioner will be provided with copies of all unpublished opinions cited in this ruling. <u>See</u> <u>Lebron v. Sanders</u>, 557 F.3d 76, 79 (2d Cir. 2009).

petitioner's <u>pro</u> <u>se</u> status, the Court has carefully reviewed the R&R and the underlying

record <u>de</u> <u>novo</u> as to any specific objection made.  Having done so, the Court finds petitioner's

objections to be without merit.

      A.     <u>Sufficiency of the Evidence</u>

      In his objections, as in his petition, petitioner claims the evidence presented at trial was

insufficient to support his conviction.

      The Court disagrees.

      To succeed on a sufficiency of the evidence claim, petitioner must show it was

"objectively unreasonable" for the Appellate Division to conclude that, "viewing the evidence in

the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." <u>Parker v. Matthews</u>, 567 U.S. 37,

43 (2012).  Petitioner fails to do so, for the reasons articulated in Part IV.A of the R&R.

      In challenging Judge Davison's finding that the Appellate Division's determination

regarding the sufficiency of the evidence was objectively reasonable, petitioner reiterates his

argument that Betty Holt, his victim, provided "wholly incredible" testimony that was

contradicted by physical evidence and expert testimony.  (Ptr. Objections ¶¶ 3–4).  These

arguments, however, more readily speak to the weight of the evidence, and fail to address the

facts in the record which Judge Davison correctly noted were legally sufficient to support

petitioner's conviction.  That is, the evidence at trial was sufficient to permit a rational juror to

conclude petitioner committed the crimes of predatory sexual assault, aggravated sexual assault

in the first degree, rape in the first degree, and assault in the second degree.  (R&R at 16–17).[3]

---

[3]     To the extent petitioner challenges the sufficiency of evidence to support his conviction
for criminal contempt in the first degree, the Court agrees with Judge Davison's determination
that such claim is procedurally barred and that petitioner cannot overcome the procedural bar

And this Court will not second guess the trial judge's determination that Ms. Holt's testimony was credible.  Scott v. Graham, 2018 WL 5257613, at *23 (S.D.N.Y. Oct. 22, 2018) ("credibility determinations are to be made by the fact-finder and are not reviewable by a federal habeas court").

Moreover, because "sufficiency of the evidence review . . . does not extend to nonrecord evidence," Ms. Holt's text messages—which were not part of the trial record—are irrelevant to petitioner's claim.  Herrera v. Collins, 506 U.S. 390, 402 (1993).

Accordingly, the Court agrees petitioner's sufficiency of the evidence claim must be denied for the reasons stated in Part IV.A of the R&R.  (R&R at 15–18).

B.     The Right to Be Present

Petitioner next argues he was denied the right to be present at all material stages of the trial because the trial court did not advise him of his rights during a bench trial and he might have missed sidebar conversations.  However, petitioner failed to demonstrate his presence at any alleged sidebar conversation would have had a reasonably substantial relationship to his opportunity to defend himself.  See Cohen v. Senkowski, 290 F.3d 485, 489 (2d Cir. 2002); Wilson v. Bennett, 188 F. Supp. 2d 347, 356 (S.D.N.Y. 2002).  Indeed, the record does not reflect any sidebar conversations from which petitioner was absent.  As such, the Appellate Division's finding that this claim was meritless was neither an unreasonable interpretation of the facts, nor contrary to Supreme Court law.

Accordingly, the Court agrees this claim must be denied for the reasons stated in Part IV.B of the R&R.  (R&R at 18–21).

---

because he fails to show actual innocence, or cause for the procedural default and resulting prejudice.  (R&R at 17 n. 2; see also Section II.E, infra).

C.     Evidentiary Error

Petitioner also argues the trial court improperly admitted an irrelevant and prejudicial

photograph and related testimony, and thereby denied him a fundamentally fair trial.

The Court disagrees.

To succeed on an evidentiary error claim, a petitioner must show "the evidence in

question was sufficiently material to provide the basis for conviction or to remove a reasonable

doubt that would have existed on the record without it."  Silva v. Keyser, 271 F. Supp. 3d 527,

541 (S.D.N.Y. 2017).

The photograph at issue showed three photographs on the refrigerator in Ms. Holt's and

petitioner's apartment.  Ms. Holt briefly testified about the contents of the three photographs,

which depicted Ms. Holt with her two sons and petitioner.  Judge Davison concluded, and this

Court agrees, the photograph and the associated testimony were "not determinative in the

outcome of the trial."  (R&R at 22).  That images of Ms. Holt with her children may have elicited

an emotional response from the trial judge (Ptr. Objections ¶ 11) does not mean this evidence

"provide[d] the basis for conviction" or "remove[d] a reasonable doubt" as to petitioner's guilt—

especially in light of Ms. Holt's testimony about the rape and assaults, as well as testimony about

Ms. Holt's injuries by the doctor and nurse who examined her.  Silva v. Keyser, 271 F. Supp. 3d

at 541.

Accordingly, the Court agrees this claim must be denied for the reasons stated in Part

IV.C of the R&R.  (R&R at 21–23).

D.     Ineffective Assistance of Appellate Counsel

In his objections, as in his petition, petitioner contends his appellate counsel was

ineffective for failing to (i) challenge his sentence as a trial penalty, and (ii) argue that the

prosecutor made improper statements in her summation and that his trial counsel was ineffective for failing to move for a mistrial based on those statements.  The Court disagrees.

Because petitioner merely reiterates his original arguments, the Court reviews this portion of the R&R under the clear error standard of review.  Having done so, the Court finds no error, clear or otherwise, in Judge Davison's conclusion that petitioner received effective assistance of appellate counsel.

1.    Legal Standard

The constitutional right to effective assistance of counsel extends to appellate counsel. Sellan v. Kuhlman, 261 F.3d 303, 315 (2d Cir. 2001).  To succeed on a claim of ineffective assistance of appellate counsel, petitioner "must establish that (1) the attorney's representation fell below an objective standard of reasonableness; and (2) the deficient representation prejudiced the defense."  Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Under the Strickland test, appellate counsel is not required to present every non-frivolous argument. Evitts v. Lucey, 469 U.S. 387, 394 (1985).  Further, "[t]o establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court."  Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994).

The Appellate Division already considered, and rejected, petitioner's claim that appellate counsel was ineffective.  As such, petitioner is only entitled to habeas relief if he demonstrates the Appellate Division's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an "unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)–(2).  Because the Appellate Division did not explain why it was denying this claim beyond a brief statement that the argument was

without merit, the Court turns directly to the facts of the case to determine whether <u>Strickland</u> was applied unreasonably.  <u>Cox v. Donnelly</u>, 387 F.3d 193, 197 (2d Cir. 2004).

> 2.   <u>Petitioner's Trial Penalty Argument</u>

Petitioner does not satisfy the <u>Strickland</u> standard with respect to appellate counsel's failure to argue petitioner's sentence was a trial penalty, because it is not reasonably probable such argument would have succeeded.

Under New York law, "the mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial."  <u>People v. Chappelle</u>, 14 A.D.3d 728, 787 (3d Dep't 2005).  And because "the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea."  <u>People v. Pena</u>, 50 N.Y.2d 400, 429 (N.Y. 1980).

Petitioner offers no evidence supporting his argument that he was sentenced vindictively for asserting his right to trial.  His argument rests solely on the disparity between his sentence and the plea deal offered by the prosecution.  (Ptr. Objections ¶¶ 12–13).  But the record suggests the disparity is due to the normal quid pro quo of plea negotiations, <u>People v. Pena</u>, 50 N.Y.2d at 429, as well as legitimate sentencing considerations including petitioner's "refusal to accept responsibility for [his] violent assault[s] on" Ms. Holt and "evidence adduced at trial of violent conduct."  <u>People v. Massey</u>, 45 A.D.3d 1044, 1048 (3d Dep't 2007).  Because petitioner's trial penalty argument would likely have failed on appeal, appellate counsel was not objectively unreasonable in not raising this argument.

Accordingly, the Court agrees this claim must be denied for the reasons stated in Part IV.D.1 of the R&R.  (R&R at 24–26).

3.    Petitioner's Arguments Regarding the Prosecutor's Summation

Petitioner does not satisfy the Strickland standard with respect to appellate counsel's failure to argue the prosecutor made improper statements during summation, or to argue trial counsel was ineffective for failing to object to those statements.

As an initial matter, petitioner does not object to Judge Davison's conclusion that appellate counsel was not ineffective for failing to argue the prosecutor's summation deprived him of a fair trial, because such argument was unpreserved for appeal.  (R&R at 26–27).  And the Court finds no error, clear or otherwise, in that conclusion.

Petitioner does object to Judge Davison's conclusion that appellate counsel was ineffective for failing to raise an ineffective trial counsel claim.  (Ptr. Objections ¶¶ 16).  But petitioner's objection is meritless.  It is not reasonably probable an ineffective trial counsel claim would have succeeded, because trial counsel's failure to object to the prosecutor's statements or move for a mistrial was not objectively unreasonable.

Petitioner takes issue with the prosecutor's statement that petitioner's sister "took the stand and lied to the Court."  (Doc. #10-9 ("Trial Tr.") at 150).  This statement was based on discrepancies between the witness's testimony and a recorded phone call, the transcript of which was received into evidence.  (Compare Trial Tr. at 29 with Doc. #10-24 at 35–36, 40–44).  As such, the prosecutor's statement was "a fair comment on the evidence" at trial and therefore permissible under New York law.  People v. Perez, 18 A.D.3d 480, 480 (2d Dep't 2005).

Petitioner also challenges the prosecutor's suggestion that petitioner tampered with evidence.  Trial counsel immediately objected to that statement, and the trial judge ruled that the

statement would be "stricken and disregarded." (Trial Tr. at 155). However, trial counsel did

not move for a mistrial based on the sustained objection. Therefore, the argument was

unpreserved for appeal. And in any event, the Appellate Division likely would have concluded

the prosecutor's improper statement did not deprive plaintiff of a fair trial, because a trial judge

acting as factfinder is presumed to have considered only competent evidence. See People v.

Johnson, 194 A.D.3d 1072, 1073 (2d Dep't 2021) ("Since the factfinder in this nonjury trial was

the court, there is no danger that the defendant's conviction rests upon the prosecutor's

summation argument.").

      Accordingly, the Court agrees this claim must be denied for the reasons stated in Part

IV.D.2 of the R&R. (R&R at 26–33).

      E.      Actual Innocence

      Petitioner next argues he is entitled to habeas relief because he is actually innocent of the

crimes for which he was convicted.

      The Court disagrees.

      Actual innocence is not "an independent constitutional claim, but [is] a basis upon which

a habeas petitioner may have an independent constitutional claim considered on the merits"

when a procedural bar is otherwise in place. Herrera v. Collins, 506 U.S. 390, 416 (1993). To

succeed on an actual innocence claim, a petitioner "must establish that, in light of new evidence,

'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a

reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (quoting Schlup v. Delo, 513

U.S. 298, 327 (1995)). To satisfy this standard, the new evidence "must be both 'credible' and

'compelling.'" Rivas v. Fischer, 687 F.3d 514, 541 (2d Cir. 2012) (quoting House v. Bell, 547

U.S. at 521). And assuming, arguendo, actual innocence can function as a freestanding claim for

relief, the burden of proof would be "extraordinarily high," requiring even "more convincing proof of innocence than <u>Schlup</u>."   <u>House v. Bell</u>, 547 U.S. at 555.

Judge Davison concluded—and this Court agrees—petitioner failed to demonstrate an independent constitutional violation.  (R&R at 34).  And even if petitioner's freestanding actual innocence claim were cognizable, he has not satisfied the <u>Schlup</u> standard, let alone the hypothetical "extraordinarily high" burden of proof of actual innocence for a freestanding claim. <u>House v. Bell</u>, 547 U.S. at 555.

In his objections, petitioner argues Judge Davison erroneously "assert[ed] that [petitioner] failed to present any evidence to support [his] claim of actual innocence."  (Ptr. Objections ¶ 18).  Petitioner is incorrect.  Judge Davison considered petitioner's "new evidence"—text messages petitioner purportedly received from Ms. Holt—but found such evidence was "neither credible, nor compelling."  (R&R at 35–36).  The Court agrees with Judge Davison's assessment.  As Judge Davison noted, petitioner failed to establish that the text messages are authentic.  And even if the petitioner had established their authenticity, the text messages do not so "compellingly point to [petitioner]'s innocence" that "a reasonable juror considering the entire mix of evidence in the case would more likely vote to acquit" petitioner. <u>Rivas v. Fischer</u>, 687 F.3d 514, 545–46 (2d Cir. 2012).

Judge Davison also considered the other evidence offered by petitioner, including medical testimony and physical evidence which petitioner argues undermine Ms. Holt's testimony.  (R&R at 36).  The Court agrees with Judge Davison's conclusion that because this evidence was presented at trial, it does not constitute the "new evidence" necessary to satisfy the <u>Schlup</u> standard.  (<u>Id</u>.).

11

Accordingly, the Court agrees this claim must be denied for the reasons stated in Part IV.E of the R&R.  (R&R at 33–36).

        F.     <u>Prosecutorial Misconduct</u>

In his objections, as in his petition and CPL § 440.10 motion, petitioner argues the prosecutor engaged in misconduct by failing to correct Ms. Holt's allegedly perjured testimony and/or to present Ms. Holt's text messages to the grand jury.  Because petitioner merely reiterates his original arguments, the clearly erroneous standard applies.  The Court finds no error, clear or otherwise, with respect to this portion of the R&R.

Accordingly, petitioner's prosecutorial misconduct claim must be denied for the reasons stated in Part IV.F of the R&R.  (R&R at 36–40).

        G.     <u>Ineffective Assistance of Trial Counsel</u>

Finally, petitioner argues trial counsel was ineffective for purportedly failing to investigate Ms. Holt's text messages to petitioner and a police report allegedly showing Ms. Holt "was the abusive one," and for failing to use the messages and report at trial to undercut Ms. Holt's credibility.  (Ptr. Objections ¶ 19).  However, petitioner merely reiterates his original arguments and contends, in a conclusory fashion, there could not be "any legitimate strategic reason for trial counsel's failure to investigate into these matters."  (<u>Id</u>. ¶ 22).  As such, the clearly erroneous standard applies.  The Court finds no error, clear or otherwise, with respect to this portion of the R&R.

Accordingly, petitioner's ineffective assistance of trial counsel claim must be denied for the reasons stated in Part IV.G of the R&R.  (R&R at 40–43).

**CONCLUSION**

Having carefully reviewed Judge Davison's thorough and well-reasoned R&R,

petitioner's objections, and the underlying record, the Court finds no error, clear or otherwise, in

the R&R.  Accordingly, the Court adopts the R&R as the opinion of the Court, and the petition

for a writ of habeas corpus is DENIED.

The Clerk is directed to enter Judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a

certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d

192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to petitioner at the address on the docket.

Dated:  June 30, 2023
       White Plains, NY

                                    SO ORDERED:

                                    _____
                                    Vincent L. Briccetti
                                    United States District Judge

13